UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDDY MEJIA-CHAVEZ,

Petitioner,

v.

UNITED STATES IMMIGRATION
AND CUSTOMS ENFORCEMENT
FIELD OFFICE DIRECTOR,

Respondent.

C26-0127 TSZ

ORDER

THIS MATTER comes before the Court on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, docket no. 5.  Having reviewed all papers filed in support of, and in opposition to, the petition, the Court enters the following Order.

**Background**

Petitioner Eddy Mejia-Chavez, also known as Erick Rigoberto Mejía Chávez, is a citizen of the Republic of El Salvador and a lawful permanent resident of Estados Unidos Mexicanos (Mexico).  _See_ Oral Dec. of Immigr. Judge (June 13, 2025), Ex. J to Traverse (docket no. 13-1 at 19).  In October 2024, petitioner was apprehended near Robles Junction, Arizona after having entered the United States at a time and place not designated by the Secretary of the U.S. Department of Homeland Security ("DHS").  Ex. B to Andrade Decl. (docket no. 10-2).  In November 2024, an asylum officer found

ORDER - 1

that petitioner demonstrated a credible fear of persecution or torture and a previous order for expedited removal to El Salvador was vacated.  *See* Ex. C to Andrade Decl. (docket no. 10-3).  In December 2024, petitioner was transferred to the Northwest Immigration and Customs Enforcement ("ICE") Processing Center ("NWIPC"), and he has remained in custody since that time.  *See* Return at 5 (docket no. 9); Dumo Decl. at ¶¶ 7–8 (docket no. 11).  Petitioner has been detained for over seventeen (17) months.

On June 13, 2025, petitioner appeared for a hearing on the merits on his applications for asylum, withholding of removal, and relief under the Convention Against Torture.  *See* Ex. J to Traverse (docket no. 13-1 at 18–33); Dumo Decl. at ¶ 10 (docket no. 11).  Contrary to respondent's suggestion, *see* Dumo Decl. at ¶ 9 (docket no. 11) (indicating that petitioner is "potentially statutorily ineligible for asylum relief . . . due to his prior convictions in El Salvador"), the immigration judge denied petitioner's application for asylum, not because of any criminal history, but because he had firmly resettled in Mexico before unlawfully entering the United States, Ex. J to Traverse (docket no. 13-1 at 22–23).  The immigration judge denied petitioner's request to withhold removal to El Salvador because the twenty-year prison term he faces there relates to a non-political crime, namely "aggravated homicide," "in the capacity of co-perpetrator," "against an unidentified person known as the shoe seller," Ex. G to Andrade Decl. (docket no. 10-7).  *See* Ex. J to Traverse (docket no. 13-1 at 24).[1]  Finally, relief

---

[1] The immigration judge found petitioner to be a credible witness and afforded his testimony "full evidentiary weight."  Ex. J to Traverse (docket no. 13-1 at 22).  Petitioner explained that an alleged witness had accused him of handing over a person (*i.e.*, the "shoe seller") to others, who then supposedly killed the shoe seller.  *Id.* (docket no. 13-1 at 20).  In October 2020, however, a judge dismissed the charge because the witness was not credible, no body had been discovered,

ORDER - 2

under the Convention Against Torture was denied because the immigration judge was not persuaded that petitioner's evidence of past torture established a risk of future torture or a risk that he would "be disappeared" by the government as a result of statements about El Salvador he made while in the United States. *Id.* (docket no. 13-1 at 25–28).  Based on these rulings, the immigration judge ordered that petitioner be removed to El Salvador or, in the alternative, to Mexico. *Id.* (docket no. 13-1 at 32).

Petitioner appealed the immigration judge's decision to the Board of Immigration Appeals ("BIA"), but then failed to timely file a written brief or statement, and the appeal was summarily dismissed. *See* Ex. E to Andrade Decl. (docket no. 10-5).  Petitioner did file a brief, but it was three days late, and his subsequently filed motion asking that the BIA accept the late-filed brief was denied. *Id.* (docket no. 10-5 at 3 n.1).  Petitioner has filed a petition for review, which is now pending in the U.S. Court of Appeals for the Ninth Circuit.  Dumo Decl. at ¶ 15 (docket no. 11).  Pursuant to the Ninth Circuit's General Order 6.4, petitioner's removal is stayed until further order, *see id.*, and the Ninth Circuit has also stayed briefing in the matter pending resolution of petitioner's motion for appointment of counsel. *See* Order (docket no. 10), *Mejia-Chavez v. Bondi*, No. 25-7436 (9th Cir. Dec. 4, 2025).

---

and none of the alleged killers were being prosecuted. *Id.*  About two months later, police officers took petitioner to a rural area and beat him, cut the tips of his fingers, and ripped off his fingernails with pliers. *Id.*  Before carrying out their threat to kill him, they were interrupted by a passerby, and petitioner seized the opportunity to run away. *Id.*  Two or three days later, petitioner left El Salvador and fled to the Republic of Guatemala. *Id.*  While he was in Guatemala, the criminal matter in El Salvador was reopened and he was prosecuted, convicted, and sentenced in absentia. *Id.*  Assuming that petitioner received no notice of the proceedings and did not voluntarily waive his presence, such conviction should be considered void ab initio.

ORDER - 3

On January 21, 2026, an immigration judge denied petitioner's request for release on bond and issued a check-box form of order that contains an "X" next to "Danger to Community / Flight Risk," "OTHER: Conditional release is denied," and "OTHER: Ability to pay considered." Ex. F to Andrade Decl. (docket no. 10-6); Dumo Decl. at ¶ 16 (docket no. 11). As of February 20, 2026, petitioner had not appealed the denial of bond to the BIA.[2] _See_ Dumo Decl. at ¶ 17 (docket no. 11).

**Discussion**

After a removal order becomes final, ICE is authorized to detain a noncitizen, but not indefinitely. _See_ _Zadvydas v. Davis_, 533 U.S. 678, 698–99 (2001); _see also_ 8 U.S.C. § 1231(a). If, after the presumptively reasonable six-month period following entry of a final removal order, the individual at issue cannot be removed from the United States, the noncitizen is entitled to habeas relief if (i) he or she provides "good reason to believe" that "no significant likelihood" exists of "removal in the reasonably foreseeable future," and (ii) the habeas respondent fails to rebut this contention. _See_ _Zadvydas_, 533 U.S. at 701. According to respondent, the order to remove petitioner to El Savador or, in the alternative, Mexico became final on October 27, 2025, when the BIA summarily dismissed petitioner's appeal. _See_ Dumo Decl. at ¶ 14 (docket no. 11). Six months has not yet elapsed since the removal order allegedly became final. Moreover, the BIA's

---

[2] Petitioner has not shown why any request for judicial review of the bond determination should not be denied for failure to exhaust administrative remedies. _See_ _Martinez v. Scott_, No. 25-cv-1538, 2025 WL 2689844, at *4 (W.D. Wash. Aug. 27, 2025) (setting forth the standards for applying the prudential exhaustion doctrine), _adopted_, 2025 WL 2689066 (W.D. Wash. Sept. 19, 2025).

ORDER - 4

decision to deny petitioner's motion for extension and summarily dismiss his appeal is currently pending review by the Ninth Circuit, and the Court is not persuaded that the order of removal at issue is final.  Finally, because removal is currently stayed, respondent has not addressed whether, as a factual (rather than procedural) matter, removal might likely occur in the reasonably foreseeable future.  Thus, at the present time, the Court cannot grant habeas relief pursuant to _Zadvydas_ and its progeny.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)     The petition for a writ of habeas corpus, docket no. 5, is DENIED without prejudice.

(2)     Respondent shall keep the Court apprised of the status of the related matter pending before the Ninth Circuit by filing a report within seven (7) days after any order or decision is issued by the Ninth Circuit and on a periodic basis of every six (6) months after the date of this Order until directed otherwise by the Court.

(3)     The Clerk is DIRECTED to calendar this matter for six (6) months after the date of this Order, and to send a copy of this Order to all counsel of record, to petitioner pro se, and to the United States Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated this 9th day of March, 2026.

Thomas S. Zilly
United States District Judge

ORDER - 5